RICHARD S. ENDRES (SBN 144853)
rendres@londonfischer.com
LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
T: (949) 252-0550 | F: (949) 252-0553
ROBERT S. NOBEL (Pro Hac Vice)
rnobel@londonfischer.com
LONDON FISCHER LLP
59 MAIDEN LANE 10038

T: (212) 331-9425  F: (212) 972-1030

Attorneys for Defendant
Federal Insurance Company

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPLANY,<br><br>Defendant. | CASE NO.: 2:22-cv-01690- SVW-MAR<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL AND PURSUANT TO LOCAL RULE 37-2 AND FRECP 37 AND FOR SANCTIONS**<br><br>Assigned to<br>District Judge Stephen V. Wilson<br>Magistrate Judge Margo A. Roconni<br><br>Complaint Filed: March 14, 2022<br>Compliance Conf: October 3, 2022<br>Trial Date: October 18, 2022<br><br>Hearing Date: August 10, 2022<br>Time: 10:00 AM<br>Place: Courtroom 790__ |

{L0195687.1 }

**JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PURSUANT TO LR 37-2  AND FOR SANCTIONS**

## JOINT INTRODUCTORY STATEMENT AND OVERVIEW

Pursuant to Local Rule 37-2, Defendant Federal Insurance Company ("Federal" or "Defendant") and Plaintiff National Casualty Company ("NCC" or "Plaintiff") submit this Joint Stipulation Regarding Defendant's Motion to Compel Plaintiff to provide its full and complete Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures). Defendant also seeks an award of sanctions pursuant to Federal Rule of Civile Procedure 37, including but not limited to an award of movant's reasonable expenses incurred in making the motion, including attorney's fees, an Order prohibiting the Plaintiff from supporting or opposing designated claims or from introducing documents not provided into evidence, striking the Complaint in whole or in part, dismissing the action or proceeding in whole or in part; and such other relief as this Court deems just and proper.

## NATURE OF THE CASE AND PROCEDURAL BACKGROUND

NCC seeks to recover from Federal amounts that NCC paid under primary and excess insurance policies it issued to named insured National Strength and Conditioning Association ("NSCA") to settle an underlying lawsuit filed by CrossFit, Inc. ("CrossFit") against NSCA (the CrossFit Action").

{L0195687.1 }

**JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PURSUANT TO LR 37-2 AND FOR SANCTIONS**

# THE PARTIES' INTRODUCTORY STATEMENTS

## I. DEFENDANT'S INTRODUCTORY STATEMENT

Defendant seeks this Court's intervention because despite multiple requests from Defendant, Plaintiff has failed to provide sufficient Rule 26(a) Initial Disclosures. This of particular concern to Defendant in light of the October 18, 2022 trial date.

On June 17, 2022 Defendant served its Rule 26(a) Initial disclosures upon Plaintiff. On that same date Plaintiff's counsel agreed to serve its Rule 26(a) Initial Disclosures by June 27, 2022. Thereafter, Plaintiff's counsel advised that he hoped to serve Plaintiff's the Initial Disclosures within the "next couple of days," which he then clarified to mean Wednesday (June 29th). However, Plaintiff did not serve its Rule 26(a) Initial Disclosure on June 29th.

On June 30, 2022, pursuant to L.R. 37-1, counsel for Plaintiff and Defendant engaged in a telephone conference at which time it was agreed that Plaintiff would provide its Rule 26(a) Initial Disclosures on Tuesday July 5, 2022. Although Plaintiff served a Rule 26(a) Initial Disclosure on July 5, it is deficient.

Section III of Plaintiff Rule 26 Initial Disclosure dated July 5, 2022, states that Plaintiff paid indemnity *vis-à-vis* a settlement payment of $5,000,000.00 and defense fees and costs of $17,500,000.00 (which Plaintiff recently updated to $17,380,099.36). However, no invoices supporting these alleged fees and costs

{L0195687.1}

**JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PURSUANT TO LR 37-2 AND FOR SANCTIONS**

have been provided. Nor has Plaintiff provided any documents related to the underlying settlement of the CrossFit Action. These documents are fundamental to Plaintiff's claims and critical to the defense of this matter.

While the settlement agreement(s) in the Underling Action may contain confidentiality provisions, Plaintiff knew or should have known that it would be relying upon those documents in order to prove its claims and, therefore, should have obtained whatever consent was necessary in order to disclose those documents prior to filing this action. Although Plaintiff provided copies the primary and excess policies it issued to NSCA, the documents provided state that that they are not certified copies, suggesting that these are not the documents Plaintiff will rely upon to prove its claims.

On July 11, 2022, Plaintiff's Counsel served Plaintiff's First Supplemental Disclosure of Witnesses and Documents pursuant to FRCP Rule 26(a)(1) which were also deficient and failed to include the documents upon which Plaintiff will rely to support its claims. Counsel met and conferred telephonically on multiple occasions to discuss deficiencies in Rule 26(a) Initial Disclosures. Unable to resolve the issue, on July 11, 2022, pursuant to the procedural rules of Magistrate Judge Margo A. Rocconi, within twenty-four hours of the last meet and confer telephone conference, Defendant sent an email to Magistrate Rocconi's Deputy Clerk, Erica Bustos, advising that the parties had reached an impasse and

LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
(949) 252-0550

1  requested a telephone conference with the Court to discuss the discovery dispute.
2  Ms. Bustos responded on July 12, 2022 advising that Judge Rocconi will be out
3  and Defense counsel could file the motion as he sees fit.
4
5      Although Plaintiff's counsel continues to promise that additional documents
6  are forthcoming, similar promises have previously been made and broken. Federal
7  Rule 37 provides that "[i]f a party fails to make a disclosure required by Rule
8  26(a), any other party may move to compel disclosure and for appropriate
9  sanctions." Fed. R. Civ. P. 37(a)(2)(A). By failing to timely provide the documents
10 and information that Plaintiff intends to rely upon to provide its claims,
11 Defendant's have already been deprived of precious time to review and analyze
12 what are believed to be voluminous documents in the face of an October trial date
13 (a mere three months away), propound specific discovery demands related to those
14 initial mandatory disclosures, confer with appropriate experts and expended
15 resources in seeking to compel these disclosures. Accordingly, Defendant requests
16 that this Court award sanctions in against Plaintiff to compensate Defendant for
17 the fees incurred in addressing Plaintiff's failure to comply with its disclosure
18 obligations and in preparing and filing this Motion. Additional sanctions are
19 warranted pursuant to FRCP Rule 37 in the form of prohibiting the disobedient
20 party from supporting claims based upon documents not produced, striking the
21 Complaint. in whole or in part, and/or dismissing the action, tother with such other

{L0195687.1 }

**JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO
COMPEL PURSUANT TO LR 37-2 AND FOR SANCTIONS**

and further relief as this Court may deem just and proper.

## II. PLAINTIFF'S INTRODUCTORY STATEMENT

Plaintiff has served a sufficient Disclosures and has identified all currently known witnesses and documents that Plaintiff may rely on in making its claim.

Defendant's motion is completely unnecessary and a waste of the parties' and the Court's resources because Plaintiff has agreed to produce all documents that Plaintiff identified in its Initial Disclosures that are in its custody or control and which are not equally available to Defendant.

Plaintiff does not dispute that Defendant is entitled to all documents that Plaintiff intends to use to support Plaintiff's claims. Save for discovery from the underlying CrossFit case, through a meet and confer with counsel for Defendant, Plaintiff has agreed to produce all that has been identified in Plaintiff's Initial Disclosures that are in its custody or control.

After meet and confer discussions with counsel for Defendant, Plaintiff provided a supplemental disclosure on July 11, 2022, clarifying its identified documents and producing additional documents and additional witnesses.

Plaintiff has further agreed to produce all documentation in support of its damages claims, inclusive of all the invoices related to the underlying defense fees and costs from the underlying CrossFit case. Counsel for plaintiff and Plaintiff have made great efforts to secure the voluminous documents from Plaintiff's TPA

{L0195687.1 }

**JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PURSUANT TO LR 37-2 AND FOR SANCTIONS**

and said documents, in hard copy form, were delivered via overnight FedEx delivery in the early evening of July 13, 2022. Counsel for plaintiff has advised counsel for Defendant that the subject invoices from the underlying case will be produced as processed in a rolling production starting July 14, 2022. Counsel for plaintiff anticipates the production to be completed by July 20, 2022.

Further, On July 13, 2022, plaintiff served a second supplemental disclosure that included an itemization of the payments made in connection with the underlying case. The second supplemental disclosure also updated and supplemented identified witness contact information and expected testimony.

Further, plaintiff has agreed to produce the two underlying settlement agreements pursuant to a protective order, a proposed draft of which is being prepared.

Finally, plaintiff has requested certified copies of the underlying policies at issue and will produce as soon as it secures the same.

Given the above, plaintiff respectfully request that Defendants motion be denied.

Dated: July 14, 2022        LONDON FISCHER LLP

                            By: */s/ Robert S. Nobel*
                                Robert S. Nobel
                                Attorneys for Defendant
                                FEDERAL INSURANCE COMPANY

Dated: July 14, 2022        Respectfully submitted,

{L0195687.1 }

**JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PURSUANT TO LR 37-2  AND FOR SANCTIONS**

<div style="margin-left: auto;">

Law Offices of
ZIMMERMAN & KAHANOWITCH
A Professional Corporation

By: **/s/ *Victor A. Groia, Esq.***
    Victor A. Groia, Esq.
    Hunter J. Nakano, Esq.
    Attorneys for Plaintiff, National Casualty Co.

</div>

LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
(949) 252-0550

{L0195687.1}

**JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PURSUANT TO LR 37-2 AND FOR SANCTIONS**

# PROOF OF SERVICE

*National Casualty Company v. Federal v. Federal Insurance Company*
USDC, Central District
Case No.: 2:22-CV-01690

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action. My business address is 2505 McCabe Way, Suite 100, Irvine, California 92614.

On **July 14, 2022**, the document(s) entitled:

**JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL AND PURSUANT TO LOCAL RULE 37-2 AND FRECP 37 AND FOR SANCTIONS**

was/were served on the interested parties in this action by placing: [ ] the original [X] a true copy thereof, to be delivered/addressed as follows:

[X]   **(BY ELECTRONIC MAIL)** By causing the above-listed documents to be e-mailed to the person(s) at the e-mail address(es) set forth above.

**Executed on July 14, 2022, at Irvine, California.**

[X]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


Sue Dobrowolski

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

{L0189459.1 }   2

PROOF OF SERVICE

# SERVICE LIST
*National Casualty Company v. Federal v. Federal Insurance Company*
USDC, Central District
Case No.: 2:22-CV-01690

| |
|---|
| Victor A. Groia, Esq.<br>Hunter J. Nakano, Esq.<br>**LAW OFFICES OF ZIMMERMAN & KAHANOWITCH**<br>30300 Agoura Rd., Ste. B-210<br>Agoura Hills, CA 91301<br>T:  (818) 710-7777<br>F:  (818) 710-7778<br>vgroia@zimkalaw.com<br>hnakano@zimkalaw.com<br><br>Attorney for Plaintiff<br>**NATIONAL CASUALTY COMPANY** |

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

{L0189459.1 }

3

PROOF OF SERVICE