RICHARD S. ENDRES (SBN 144853)
rendres@londonfischer.com
LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
T: (949) 252-0550 | F:  (949) 252-0553
ROBERT S. NOBEL (Pro Hac Vice)
rnobel@londonfischer.com
LONDON FISCHER LLP
59 MAIDEN LANE 10038

T: (212) 331-9425  F: (212) 972-1030

Attorneys for Defendant
Federal Insurance Company

UNITED  STATES  DISTRICT  COURT
CENTRAL  DISTRICT  OF CALIFORNIA

| | |
|---|---|
| NATIONAL CASUALTY  COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPLANY,<br><br>Defendant. | CASE NO.: 2:22-cv-01690- SVW-MAR<br><br>**DISCOVERY MATTER**<br><br>Assigned to<br>District Judge Stephen V. Wilson<br>Magistrate Judge Margo A. Roconni<br><br>**DECLARATION OF ROBERT S. NOBEL IN SUPPORT OF DEFENDANT'S MOTION TO TO COMPEL PLAINTIFF  TO PROVIDE COMPLETE RULE 26(a) INITIAL DISCLORUES AND FOR SANCTIONS**<br>[Local Rule 37-1, FRCP 26, 37]<br><br>Complaint Filed March 14, 2022<br>Hearing Date: August 10, 2022<br>Time: 10:00 AM<br>Place: Courtroom 790 |

LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
(949) 252-0550

**DECLARATION OF ROBERT S. NOBEL IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF  TO PROVIDE COMPLETE RULE 26(a) INITIAL DISCLORUES PURSUANT TO LR 37-2  AND FOR SANCTIONS**

## <u>DECLARATION OF ROBERT S. NOBEL</u>

I, Robert S. Nobel, declare as follows:

1.      I am an attorney with the law firm of London Fischer LLP, duly admitted *pro hac vice* to practice law in this Court.  I have responsibility for handling this case on behalf of Defendant Federal Insurance Company ("Federal" or "Defendant") and I submit this declaration in support of Defendant's Motion to Compel Plaintiff to provide complete Rule 26(a) Initial Disclosures and for the imposition of sanctions based upon Plaintiff's continued delay. All of the following facts are within my personal knowledge and, if called as a witness, I could and would testify  competently as to such matters.

2.      By Order dated June 9, 2022, the initial status conference previously scheduled for June 13, 2022 was vacated and this Court set a trial date of October 18, 2022 (Doc Entry No. 28).

3.      On June 17, 2022 Defendant served its Rule 26(a) Initial disclosures upon Plaintiff, a copy of which is annexed hereto as **Exhibit A.**  On that same date counsel spoke by telephone, at which time Plaintiff's counsel agreed to serve its Rule 26(a) Initial Disclosures by Monday, June 27, 2022. This agreement was memorialized in an email dated June 17, 2022 (**Exhibit B**).

4.      On Monday, June 27, 2022, Plaintiff's counsel advised that he hoped

LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
(949) 252-0550

**DECLARATION OF ROBERT S. NOBEL IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF  TO PROVIDE COMPLETE RULE 26(a) INITIAL DISCLORUES PURSUANT TO LR 37-2  AND FOR SANCTIONS**

to serve Plaintiff's the Initial Disclosures within the "next couple of days," which he then clarified to mean Wednesday (June 29th) (**Exhibit C**).  However, Plaintiff did not serve its Rule 26(a) Initial Disclosure on June 29th.

5.    By letter dated June 30, 2022, I wrote to Plaintiff's Counsel pursuant to L.R. 37-1 and requested a telephone conference as required by L.R 37-1 (**Exhibit D**). Counsel for Plaintiff and Defendant engaged in a telephone conference on June 30, 2022, at which time it was agreed that Plaintiff would provide its Rule 26(a) Initial Disclosures on Tuesday July 5th.  However, on Friday July 5th Plaintiff's counsel called and left me a voicemail message advising that Plaintiff's Counsel had a deposition in another matter on Tuesday, July 5th and, therefore, would not be providing Rule 26(a) Initial disclosures on Tuesday July 5th  as previously agreed.  Instead, counsel advised that he would serve his Rule 26(a) Initial Disclosures by July 6th.  After Defendant threatened to file a motion, on Tuesday, July 5th Plaintiff served a Rule 26(a) Initial Disclosure  (**Exhibit E**) .

6.    By email dated July 6th, I wrote to Plaintiff's counsel regarding deficiencies in Plaintiff's Rule 26(a) Initial Disclosure (**Exhibit F**).

7.    Given the October trial date and the corresponding short time frame to complete discovery, I demanded that Plaintiff provide full and complete disclosures with the required documents by the end of the week (July 8, 2022) or

<div style="text-align:center">

**DECLARATION OF ROBERT S. NOBEL IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF  TO PROVIDE COMPLETE RULE 26(a) INITIAL DISCLORUES PURSUANT TO LR 37-2  AND FOR SANCTIONS**

</div>

LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
(949) 252-0550

LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
(949) 252-0550

Defendant would have no alternative but to seek judicial intervention. By email dated July 6, Plaintiff's counsel advised that he intended to supplement the disclosures with but the relevant documents were not currently in his file and he did not anticipate having such information/documents by July 8. He suggested that Defendant wait until the end of the following week before filing a motion.

8.      On July 7th counsel for Plaintiff and Defendant conferred via telephone, at which time Plaintiff's counsel advised that he still did not have the documents and would not be able to provide them by Friday, July 8th.

9.      Counsel conferred again on July 11, 2022 to discuss deficiencies in Plaintiff's Rule 26(a) Initial Disclosures. Unable to resolve the issue, on July 11, 2022, pursuant to the procedural rules of Magistrate Judge Margo A. Rocconi, within twenty-four hours of the last meet and confer telephone conference, Defendant sent an email to Magistrate Rocconi's Deputy Clerk, Erica Bustos, advising that the parties had reached an impasse and requested a telephone conference with the Court to discuss the discovery dispute (**Exhibit G**).

10.     On July 11, 2022, Plaintiff's Counsel served Plaintiff's First Supplemental Disclosure of Witnesses and Documents pursuant to FRCP Rule 26(a)(1) (**Exhibit H**) which was Defendant deemed deficient and which did not include any documents supporting Plaintiff's claim for damages. Plaintiff's

---

**DECLARATION OF ROBERT S. NOBEL IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PROVIDE COMPLETE RULE 26(a) INITIAL DISCLORUES PURSUANT TO LR 37-2 AND FOR SANCTIONS**

counsel advised that once he had the transcripts, he would seek to  confirm the scope of testimony and provide further information, "Hopefully soon."

11.   By email dated July 12, 2022, Deputy Courtroom Clerk Bustos advised that Judge Rocconi will be out and Defense counsel could file the motion as  he sees fit (**Exhibit I**).

12.   On July 13, 2022 Plaintiff provided a Second Supplemental List of Witnesses and Documents (**Exhibit J**) but as of this date, Defendant has still not received the invoices supporting the alleged $17,380.099.34 in defense fees and costs from the underlying CrossFit Action or any documents related to the settlement of the underlying CrossFit Action .

13.   To date, I have spent approximately 20 hours preparing correspondence in order to "meet and confer," emailing and speaking with opposing counsel, researching and preparing the present motion.  My colleagues handling this matter with me have spent additional time as well.

14.   I was admitted to practice in New York in 1993 and  I have been practicing as an attorney continuously since that time.  My reasonable hourly rate is $345 per hour for this matter.

15.   Defendant requests that the Court issue an Order compelling Plaintiff to provide complete Rule 26(a) Initial Disclosures with supporting documents by

**DECLARATION OF ROBERT S. NOBEL IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF  TO PROVIDE COMPLETE RULE 26(a) INITIAL DISCLORUES PURSUANT TO LR 37-2  AND FOR SANCTIONS**

LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
(949) 252-0550

an immediate date certain and impose sanctions pursuant Federal Rules 26 and 37. Such sanctions should include, but not be limited to an Order directing Plaintiff to pay the reasonable fees incurred by Defendant to obtain Plaintiff's Rule 26(a) Initial Disclosures in an amount of at least $6,900.00, striking of the Complaint (in whole or in part), dismissing Plaintiff's action or precluding Plaintiff from offering documents or testimony regarding information and documents that were not timely and properly provided as required by Rule 26(a).

16.    I declare under penalty of perjury that the foregoing is true and correct. Executed on July 14, 2022 in New York, New York .

                              /s/ Robert S. Nobel
                              Robert S. Nobel

**DECLARATION OF ROBERT S. NOBEL IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF  TO PROVIDE COMPLETE RULE 26(a) INITIAL DISCLORUES PURSUANT TO LR 37-2  AND FOR SANCTIONS**

# EXHIBIT A

RICHARD S. ENDRES (SBN 144853)
rendres@londonfischer.com
LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
T: (949) 252-0550 | F:  (949) 252-0553
ROBERT S. NOBEL (Pro Hac Vice)
rnobel@londonfischer.com
LONDON FISCHER LLP
59 MAIDEN LANE 10038
T: (212) 331-9425  F: (212) 972-1030

Attorneys for Defendant
Federal Insurance Company

UNITED  STATES  DISTRICT  COURT

CENTRAL  DISTRICT  OF  CALIFORNIA

| | |
|---|---|
| NATIONAL CASUALTY  COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPLANY,<br><br>Defendant. | CASE NO.: 2:22-cv-01690- SVW-MAR<br><br><br>**DEFENDANT'S RULE 26(a)(1) INITIAL DISCLOSURES** |

Pursuant to Fed. R. Civ. P. 26(a), Defendant Federal Insurance Company ("Defendant" or "Chubb"), by its attorneys London Fischer LLP, hereby serves these Initial Disclosures to Plaintiff..

Appendix A to these disclosures identifies those individuals who may have discoverable information which Defendant may use to support its defenses.  Chubb reserves its right to supplement this disclosure upon identifying additional individuals who may have discoverable information.

Appendix B to these disclosures describes the documents, data compilations, and tangible things held by Defendant that may support its defenses.

Appendix C to these disclosures describes categories of documents that are either believed to be in plaintiff's possession and/or publicly available that Defendant may use to support its

defenses.

These  disclosures do not include the names of any potential experts retained or consulted by Defendant. Defendant will produce information relating to experts as may be appropriate under Federal Rule of Civil Procedure 26(a)(2) at the times provided by that Rule or any supervening order of the Court.

These disclosures do not constitute waiver of any work product protection and are without prejudice to any other issue or argument

**APPENDIX A (Witness List)**

1. **Name:**          **Kirsten Finlayson**
                      Northern Specialty Claims
                      Specialty Claims Examiner
                      Chubb North America
   **Address:**       c/o London Fischer LLP

2. **Name:**          **Megan M. Lorentz-Owen**
                      Senior Claims Officer
                      Chubb North America
   **Address:**        c/o London Fischer LLP

3. **Name:**          **David Montgomery**
                      Senior Claim Specialist
                      E&S/Specialty Claims
                      Nationwide / National Casualty Company
   **Address:**       c/o Zimmerman & Kahanowitch

4. **Name:**          **John Hapner**
   **Address:**       K&K Insurance Group, Inc.
                      Fort Wayne, Indiana 46801
   **Telephone:**     (800) 637-4757

5. **Name:**          **Carolyn Kanalos**
   **Address:**       K&K Insurance Group,  Inc.
                      1712 Magnavox Way
                      Fort Wayne, Indiana 46801
   **Telephone:**     (800) 637-4757

6. **Name:**          **Stephanie Nilsen**
                      Account Executive
                      Entertainment & Sports Insurance eXperts
   **Address:**       5660 New Northside Drive, Suite 640
                      Atlanta, GA 30328

{N2166811.1 }}

| | | |
|---|---|---|
| | **Telephone:** | (678) 324-3300 |
| **7.** | **Name:** | **Bruce Isaacs** |
| | **Address:** | Signature Resolution |
| | | 633 W. 5th Street, Suite 1000 |
| | | Los Angeles, CA 90071 |
| | Telephone: | (213) 622-1002 |
| **8.** | **Name:** | **Jimmy Nguyen** |
| | **Last known** | |
| | **address:** | Davis Wright Tremaine |
| | | 865 South Figueroa Street |
| | | Los Angeles, CA 90017 |
| | **Last known** | |
| | **telephone:** | (213) 633-6800 |

**APPENDIX B  (Document List)**

Attached as Exhibit B are documents (D0000001–D0000465) that Chubb may use to support its defenses to the claims:

1. Insurance Policies
   a. Forefont Portfolio For Not-for-Profit Organizations Policy No. 8211-6554 issued by Chubb to NSCA on a claims-made basis for the policy period February 1, 2014 to February 1, 2015
   b. MEDIAGUARD Policy No. 6801-1044 issued by Chubb to NSCA on a claims made basis for the policy period of February 1, 2014 to February 1, 2015
2. Correspondence
   a. Letter dated May 16, 2014, issued by K&K Insurance (Carolyn Kanalos) on behalf of NCC to NSCA's counsel (Thomas M. James)
   b. Letter dated July 17, 2015, issued by Chubb (Kristen Finlayson) to NSCA's counsel (Thomas M. James)
   c. Letter dated June 30, 2015, issued by Chubb (Megan M. Lorentz-Owen) to NSCA
   d. Letter dated March 10, 2016, issued by Chubb (Megan M. Lorentz-Owen) to NSCA
   e. Letter dated January 13, 2017, issued by Paul Matousek, Esq. on behalf of Chubb to NSCA
   f. Letter dated June 9, 2017, from Brian Zimmerman, Esq. to Paul F. Matousek, Esq.
   g. Letter dated August 17, 2017, from Paul F. Matousek, Esq. to Brian F. Zimmerman, Esq.

3. Documents form NSCA website https://www.nsca.com/including images captured and annexed to this production.

4. Pleadings, motions, other documents and submissions, Decisions and Orders from underlying CrossFit Action  (Case No. 3:14-cv-01191-HKS-KCS)
   a. Complaint filed by CrossFit

      b.  First Amended Complaint filed by CrossFit
      c.  Second Amended Complaint filed by Cross Fit
      d.  Devor Article
      e.  Erratum related to Devor Article
      f.  Expert reports from underlying CrossFit Action
          i.  Report of Peter D. Wagner, M.D.
         ii.  Expert Report  by E. H. Morreim, JD, PhD
        iii.  Rebuttal Report by Peter D. Wagner, M.D.

5.   Confidential Settlement Agreement between Chubb and NSCA,  to be produced upon receipt of NSCA's written consent.

**APPENDIX C  (Additional Documents and Categories of Documents)**

Documents and categories of documents identified as Exhibit C are documents and categories of documents that are either in Plaintiff's possession and/or are publicly available that Chubb may use to support its defenses to the claims:

1.      NCC Policies

      a.  Primary GL Policy No. KR00000003279700 issued by NCC to NSCA on an "occurrence" basis for the policy period February 1, 2013 to February 1, 2014 to NSCA ("NCC CGL Policy")
      b.  Excess Policy  No. XK00000003279800 issue by NCC to NSCA  on an "occurrence" basis for the policy February 1, 2013 to February 1 ("NCC Excess Policy")

2.      Documents from CrossFit Action (Case No. 3:14-cv-01191-HKS-KCS) including but not limited to:

      a.  NSCA's Statement of Undisputed Facts in Support of Motion For Summary Judgment dated May 25, 2016
      b.  Decision and Order dated September 21, 2016
      c.  Order Granting in Part and Denying in Part Motion for Sanctions dated May 26, 2017, along with underlying motion papers
      d.  Defendant NSCA's Pretrial Statement dated January 26, 2018

3.      Documents from lawsuit filed by NCC against NSCA in the United States District Court for the Southern District of California, Case No. 18-CV-1292-JLS-KSC, including counterclaims asserted by NSCA against NCC, including but not limited to all pleadings, motion papers and court Orders

4.      Documents from lawsuit filed by NSCA against Glassman, et al., filed in San Diego Superior Court, Case No. 37-2016-00014339-CU-DF-CTL, including but not limited to all pleadings, motion papers and court Orders

1      Defendant reserves its rights to amend or supplement this disclosure up to and including

2  the time of trial.

3  Date:  June 17, 2022

4                                          LONDON FISCHER LLP

5

6                          By:      /s/ *Robert S. Nobel*

7                                   Robert S. Nobel
                                    rnobel@londonfischer.com
8                                   59 Maiden Lane
                                    New York, New York 10038
9                                   Main: (212) 972-1000
                                    Direct: (212) 331-9425
10                                  LF File. 430.0567420

11                                  *Attorneys for Defendant*
12                                  *Federal Insurance Company*

# EXHIBIT B

**From:**      Robert Nobel
**Sent:**       Friday, June 17, 2022 3:46 PM
**To:**         Victor Groia
**Subject:**   RE: National Casualty Company v. Federal Insurance Company, 2:22-cv-01690  - SVW (MARx) (LF File No. 430.0567420) - Defendants Rule 26(a) Initial Disclosures

Victor,

This will memorialize our discussion from earlier today regarding an expedited discovery schedule, with some additional comments and questions.

1. On June 17, 2022 we served Defendant's Rule 26(a) Initial Disclosures by email.  We reserve the right to supplement these disclosures as may be appropriate.  Unless you advise otherwise, I plan to have these documents served by regular mail on Monday.  Some law firms prefer that we not serve paper so please let me know your position on this.
2. NCC plans to serve its Rule 26(a) Initial Disclosures within 10 days - by June 27th.
3. Defendant plans to serve discovery demands (which may include Demands for Documents, Interrogatories and Requests for Admission) as soon as possible and we have proposed that the time to respond be shortened to something less than the 30 days contemplated by the Federal Rules. I suggested 20 days but perhaps we should make it two weeks in an effort to complete document discovery prior to conducting depositions.  Please provide your position in this regard as soon as possible.
4. I envision conducting depositions in July, with an eye toward filing a motion for summary judgment in August.
5. We discussed the possibility of jointly preparing a stipulated statement of facts.  I am open to this suggestion but I will need to get client approval before formally agreeing to this.
6. We agreed that both sides prefer private mediation and, toward that end, such should e scheduled for early September (my client's available dates are set forth in a prior email).  As the best mediators book up months in advance we need to select a mediator and lock in a date as soon as possible.  I understand that you will provide your list of proposed mediators and dates early next week.

Please reply to let me know if I have accurately summarized our discussion and/or if you have any additional comments or suggestions.

Very truly yours,


Robert S. Nobel
Of Counsel
London Fischer LLP
New York | New Jersey | California
Direct: (212) 331-9425
Office: (212) 972-1000
Fax:  (212) 972-1030
www.londonfischer.com

LONDON
FISCHER

**From:** Victor Groia <vgroia@zimkalaw.com>
**Sent:** Friday, June 17, 2022 1:46 PM
**To:** Robert Nobel <rnobel@londonfischer.com>
**Subject:** RE: National Casualty Company v. Federal Insurance Company, 2:22-cv-01690 - SVW (MARx) (LF File No. 430.0567420) - Defendants Rule 26(a) Initial Disclosures

**\*\* External Email \*\***

**This email originated from outside of our organization. Do not click any links or open any attachments unless you recognize the sender and know the content is safe.**

Hi Robert,

Thanks for the Initial Disclosures. We can talk further about any additional discovery at 12:00. Thanks again!

Best Regards,
VICTOR GROIA
Law Offices of
Zimmerman & Kahanowitch
A Professional Corporation
30300 Agoura Road., Suite B210
Agoura Hills, CA 91301
(818) 710-7777, ext. 257
http://www.zimkalaw.com/

Important:  This e-mail message is intended for the use of the addressee(s) only and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of the message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is strictly prohibited.  If you receive this communication in error, please notify us immediately by reply e-mail and delete the original message.  Thank you.

---

**From:** Robert Nobel <rnobel@londonfischer.com>
**Sent:** Friday, June 17, 2022 10:21 AM
**To:** Victor Groia <vgroia@zimkalaw.com>
**Subject:** National Casualty Company v. Federal Insurance Company, 2:22-cv-01690 - SVW (MARx) (LF File No. 430.0567420) - Defendants Rule 26(a) Initial Disclosures

Victor,

Attached please find Defendant Federal Insurance Company's Rule 26(a) Initial disclosures and attachments.  I look forward to speaking with you this afternoon.

Very truly yours,

Robert S. Nobel
Of Counsel
London Fischer LLP
New York | New Jersey | California
Direct:  (212) 331-9425
Office:  (212) 972-1000
Fax:  (212) 972-1030
www.londonfischer.com



## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful. This email has been scanned for viruses and malware.

# EXHIBIT C

| | |
|---|---|
| **From:** | Victor Groia <vgroia@zimkalaw.com> |
| **Sent:** | Monday, June 27, 2022 7:18 PM |
| **To:** | Robert Nobel |
| **Subject:** | RE: National Casualty Company v. Federal Insurance Company, 2:22-cv-01690  - SVW (MARx) (LF File No. 430.0567420 |
| **Attachments:** | Stacy L. La Scala, Esq., JAMS Mediator and Arbitrator.pdf |

**\*\* External Email \*\***

**This email originated from outside of our organization. Do not click any links or open any attachments unless you recognize the sender and know the content is safe.**

Hi Robert,

Apologies for the delayed response.

For discovery responses, let me take a closer look at your requests before I make any promises as to when I can get you responses. I hope to get the initial disclosures to you within the next couple of days.

As for mediators, I would suggest Stacy La Scala of JAMS. (See attached)

Thanks!

Best Regards,
VICTOR GROIA
Law Offices of
Zimmerman & Kahanowitch
A Professional Corporation
30300 Agoura Road., Suite B210
Agoura Hills, CA 91301
(818) 710-7777, ext. 257
http://www.zimkalaw.com/

Important:  This e-mail message is intended for the use of the addressee(s) only and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of the message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is strictly prohibited.  If you receive this communication in error, please notify us immediately by reply e-mail and delete the original message.  Thank you.

**From:** Robert Nobel <rnobel@londonfischer.com>
**Sent:** Friday, June 24, 2022 10:24 AM
**To:** Victor Groia <vgroia@zimkalaw.com>
**Subject:** RE: National Casualty Company v. Federal Insurance Company, 2:22-cv-01690 - SVW (MARx) (LF File No. 430.0567420

Victor,

Please note that Defendant's discovery demands reference the standard 30 day response time as I have not yet received your formal agreement to shorten that time period.  Given our expedited time table, I would urge you to agree that our

1

respective responses will be due 20 days after service rather than 30, and that we make every effort to respond sooner.   My 30(b)(6) notice is for July 18th based on the assumption that we will have your responses before that date.

I look forward to receiving your Rule 26(a) Initial disclosures on Monday and your proposed names and dates for mediation.   As we discussed, the best mediators book up months in advance so we really need to make scheduling a mediation date in early September a priority.

Very truly yours,

Robert S. Nobel
Of Counsel
London Fischer LLP
New York | New Jersey | California
Direct:  (212) 331-9425
Office:  (212) 972-1000
Fax:  (212) 972-1030
www.londonfischer.com

**From:** Barry Lathuillerie <BLathuillerie@LondonFischer.com>
**Sent:** Friday, June 24, 2022 12:54 PM
**To:** vgroia@zimkalaw.com
**Cc:** Robert Nobel <rnobel@londonfischer.com>
**Subject:** National Casualty Company v. Federal Insurance Company, 2:22-cv-01690 - SVW (MARx) (LF File No. 430.0567420

Good morning Mr. Groia,

At the request for Robert S. Nobel, please see the attached PDFs.  Have a good rest of your morning/weekend, and be safe.

Barry Lathuillerie
Legal Assistant
James T.H. Deaver, Esq.
William J. Edwins, Esq.
Robert S. Nobel, Esq.
London Fischer LLP
59 Maiden Lane
New York, NY  10038
Direct:  (212) 331-9587
blathuillerie@londonfischer.com



**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful. This email has been scanned for viruses and malware.

# EXHIBIT D

# LONDON FISCHER LLP

59 MAIDEN LANE
NEW YORK, NEW YORK 10038

IRVINE OFFICE
2505 McCABE WAY, SUITE 100
IRVINE, CALIFORNIA 92614

(212) 972-1000
FACSIMILE: (212) 972-1030

LOS ANGELES OFFICE
515 S. FLOWER STREET, SUITE 1000
LOS ANGELES, CALIFORNIA 90071

www.LondonFischer.com

June 30, 2022

**VIA EMAIL**

Law Offices of
Zimmerman & Kahanowitch
A Professional Corporation
30300 Agoura Road., Suite B210
Agoura Hills, CA 91301
**Attention:**   Victor A. Groia, Esq.
                 Hunter J. Nakrano,Esq.

Re:   ***National Casualty Company v. Federal Insurance Company***
      ***Case 2:22-cv-01690-SVW-MAR***
      <u>**Our File No.:       430.0567420**                        </u>

Counselors:

As you know, this law firm represents Defendant Federal Insurance Company ("Federal") in the above-referenced insurance coverage action, which is presently scheduled for trial on October 18, 2022. This letter is being written pursuant to L.R. 37-1 (Prefiling Conference of Counsel) as part of Federal's good-faith effort to eliminate the need for a motion based upon Plaintiff's failure to provide its Rule 26(a) Initial Disclosure.  Please contact me to schedule a telephone conference as required by L.R 37-1.  I am available any time this afternoon / this evening.

Pursuant to Rule 26(a)(1), a party must, without awaiting a discovery request, provide to the other parties initial disclosures as set forth in that Rule. These disclosure were to be made at or within 14 days after the Rule 26(f) Conference.  An Initial Case Management Conference was scheduled for June 13, 2022 (such that the Initial Disclosures would have been due by June 27th) but that conference was cancelled by the court.  Nevertheless, on June 17, 2022 Federal served its Rule 26(a) Initial Disclosures by email upon your office.  When we spoke by telephone on June 17th, it was agreed that Plaintiff would serve its Rule 26(a) Initial Disclosures by Monday, June 27th.  However, by email dated June 27th (received at 7:18 PM EDT), you advised that you hoped to get the Initial Disclosures to me within the "next couple of days," which you then clarified to mean Wednesday (June 29th). As this letter is being written we have still not received Plaintiff's Rule 26(a) Initial Disclosures or any further indication as to when such will be provided.

I would not typically be concerned about a delay of a few days, but this case is far from typical in that we have a pre-trial conference scheduled for October 3, 2022, a trial date of October 18,

National Casualty Company v. Federal Insurance Company
June 30, 2022
Page 2

2022 and, as we have discussed, there is a significant amount of discovery which needs to be completed in a very short time so that motions for summary judgment can be filed in August, prior to conducting a private mediation which we are seeking to schedule for early September (at least 45 days prior to the Final Pretrial Conference as required by L.R. 16-15.2).

        As noted above, I am available any time this afternoon / this evening.  Please contact me as soon as possible.

        Very truly yours,

        LONDON FISCHER LLP

        /s/ *Robert S. Nobel*

        Robert S. Nobel

LONDON FISCHER LLP

{N2176617.1 }

# EXHIBIT E

VICTOR A. GROIA, ESQ. (Bar No. 232135)
vgroia@zimkalaw.com
HUNTER J. NAKANO, ESQ. (Bar No. 317906)
hnakano@zimkalaw.com
Law Offices of
ZIMMERMAN & KAHANOWITCH
A Professional Corporation
30300 Agoura Road, Suite B-210
Agoura Hills, California 91301
Telephone: (818) 710-7777
Facsimile: (818) 710-7778

Attorneys for Plaintiff, NATIONAL CASUALTY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY | ) | **CASE NO.: 2:22-cv-01690** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NATIONAL CASUALTY** |
| v. | ) | **COMPANY'S INITIAL** |
| | ) | **DISCLOSURE OF WITNESSES** |
| FEDERAL INSURANCE COMPANY | ) | **AND DOCUMENTS PURSUANT** |
| | ) | **TO FRCP 26(a)(1)** |
| Defendant. | ) | |
| | ) | |
| | ) | Complaint Filed:   March 14, 2022 |
| | ) | |
| | ) | |
| _____ | ) | |

COMES NOW, Plaintiff NATIONAL CASUALTY COMPANY (hereinafter

"National") by and through their counsel of record, ZIMMERMAN &

KAHANOWITCH, P.C., and pursuant to FRCP 26(a)(1), hereby provides their Initial Disclosure List of Witnesses and Exhibits and produces the identity of non-expert witnesses who may be called to testify at the trial of this matter:

## I.

## WITNESSES

1. Megan M. Lorentz-Owen, Esq. of Chubb

   Current Address Unknown

2. Kirsten Finlayson of Chubb

   Current Address Unknown

3. Thomas M. James, Esq.

   Current Address Unknown

4. Amy Lodovico of Chubb

   Current Address Unknown

5. Paul F. Matousek, Esq. of Walker, Wilcox, Matousek, LLP

   Current Address Unknown

6. Davin Montgomery of National Casualty Company

   Can be contacted through counsel.

   Plaintiff NATIONAL CASUALTY COMPANY reserves the right to supplement this list with additional witnesses including all witnesses from the underlying CrossFit Lawsuit, if and when it is determine that they have relevant

testimony to the instant matter and, additionally reserve the right to call any witness who may be listed by any other party to this action. Plaintiff NATIONAL CASUALTY COMPANY further reserves the right to call any witness necessary for impeachment or rebuttal at the time of trial.

## II.
## DOCUMENTS

| Bates No. | Document Title/Description |
|---|---|
| NCC000001-NCC000109 | National Casualty Company's (hereinafter "National") Commercial General Liability Policy No. KRO0000003279700 (2/1/13 to 2/1/14) issued to National Strength & Conditioning Association (Hereinafter "NSCA) |
| NCC000110-NCC000132 | National's Commercial Excess Liability Policy No. XKO0000003279800 (hereafter the "National Casualty Excess Policy") (2/1/13 to 2/1/14) issued to NSCA |
| NCC000133-NCC000272 | Federal Insurance Company's (hereinafter "Chubb") Directors & Officers and Entity Liability Policy No. 8211-6554, effective from February 1, 2014 to February 1, 2015 issued to NSCA |
| NCC000273-NCC000295 | Federal Complaint filed in the underlying case entitled CrossFit, Inc. v. National Strength & Conditioning Association, USDC Case No. 3:14-CV-01191-JLS-KSC (hereinafter "CrossFit Lawsuit") |
| NCC000296-NCC000300 | Letter from Amy Lodovico of Chubb to Thomas M. James, Esq dated May 19, 2014 |
| NCC000301-NCC000306 | Letter from Kristen Finlayson, Esq. of Chubb to Thomas M. James, Esq dated July 17, 2015 |
| NCC000307-NCC000312 | Letter from Megan M. Lorentz-Owen, Esq. of Chubb to Keith Cinea of NSCA dated March 10, 2016 |
| NCC000313-NCC000315 | Letter from Paul F. Matousek, Esq. to Thomas M. James, Esq. dated January 13, 2017 |

| NCC000316-NCC000329 | Article entitled "CrossFit-based high intensity power training improves maximal aerobic fitness and body composition" (the Dover Study") by Steven T. Devor, Michael M. Smith, Allan J. Sommer, and Brooke E. Starkoff published in the Journal of Strength and Conditioning Research ("JSCR") in November 2013 |
|---|---|
| TBD | Confidential Settlement Agreement concerning the underlying CrossFit Lawsuit |
| TBD | Letter from Plaintiffs' counsel in the underlying CrossFit Lawsuit to NSCA dated March 31, 2014 |
| TBD | NSCA tender letter to Chubb of May 2014 |
| TBD | All tender letters and responses related to the underlying CrossFit Lawsuit |
| TBD | All Documents filed in the CrossFit Lawsuit |
| TBD | All written discovery from the CrossFit Lawsuit |
| TBD | All document served in discovery from the CrossFit Lawsuit |
| TBD | All deposition transcripts from the CrossFit Lawsuit |
| TBD | All invoices related to defense fees paid by National in defending NSCA in the CrossFit Lawsuit |
| TBD | All invoices related to National's costs in defending NSCA in the CrossFit Lawsuit |

All documents listed, and/or produced by any other party to this litigation.

Plaintiff NATIONAL CASUALTY COMPANY reserves the right to use all documents produced by any other party, assuming proper foundation, as exhibits at the time of trial. Additionally, Plaintiff NATIONAL CASUALTY COMPANY reserves the right to amend/supplement this list with any additional documents not now known and/or the names of any persons having knowledge of relevant matters pertaining to this litigation.

///

///

## III.

## COMPUTATION OF DAMAGES

To date, National's known damages are as follows:

A. Underlying CrossFit Lawsuit indemnity settlement payment of $5,000,000.00

B. Underlying CrossFit Lawsuit defense fees and costs of $17,500,000.00,

## IV.

## INSURANCE AGREEMENT

1. National's Commercial General Liability Policy No. KRO0000003279700 (2/1/13 to 2/1/14) issued to NSCA.

2. National's Commercial Excess Liability Policy No. XKO0000003279800 (hereafter the "National Casualty Excess Policy") (2/1/13 to 2/1/14) issued to NSCA.

3. Federal Insurance Company's (hereinafter "Chubb") Directors & Officers and Entity Liability Policy No. 8211-6554, effective from February 1, 2014 to February 1, 2015 issued to NSCA

Dated: July 5, 2022              Respectfully submitted,

                                 Law Offices of
                                 ZIMMERMAN & KAHANOWITCH
                                 A Professional Corporation

                                 By:_____
                                 Victor A. Groia, Esq.
                                 Hunter J. Nakano, Esq.
                                 Attorneys for Plaintiff, National Casualty Co.

# PROOF OF SERVICE

**National Casualty Company v. Federal v. Federal Insurance Company, et al.
Case No.: 2:22-CV-01690-SVW (MARx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 30300 Agoura Road, Suite 210, Agoura Hills, California 91301.

On **July 5, 2022**, I served true copies of the following document(s): **NATIONAL CASUALTY COMPANY'S INITIAL DISCLOSURE OF WITNESSES AND DOCUMENTS PURSUANT TO FRCP 26(a)(1)** on the interested parties in this action. See attached service list.

I declare that I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_ (By **MAIL)** I deposited such envelope in the mail at Agoura Hills, California. The envelope was mailed with postage thereon fully prepaid.

_X_ (By **ELECTRONIC TRANSMISSION:**). I caused the above-entitled document to be served electronically to the recipients at the e-mail addresses listed in the Service List below from e-mail address jkumagai@zimkalaw.com. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. A copy of the electronic filing receipt will be maintained with the original document in our file.

\_\_ (**State**) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_ (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direct this service was made.

Executed on **July 5, 2022**, at Agoura Hills, California

_____
Janet Kumagai

**National Casualty Company v. Federal v. Federal Insurance Company, et al.**
**Case No.: 2:22-CV-01690-SVW (MARx)**

| | |
|---|---|
| Richard S. Endres, Esq.<br>Patrick G. Bollig, Esq.<br>LONDON FISCHER LLP<br>2505 McCabe Way, Suite 100<br>Irvine, California 92614 | Attorneys for Defendant Federal Insurance Company<br><br>Tel: 949-252-0550<br>Fax: 949-252-0553<br><br>e-mail(s):<br>rendres@londonfischer.com<br>pbollig@londonfischer.com |
| Robert S. Nobel, Esq. (Pro Hac Vice)<br>LONDON FISCHER LLP<br>59 Maiden Lane<br>New York, New York 10038 | Attorneys for Defendant Federal Insurance Company<br><br>Tel: 212-331-9425<br>Fax: 212-972-1030<br><br>e-mail(s):<br>rnobel@londonfischer.com |

PROOF OF SERVICE

# EXHIBIT F

**From:** Robert Nobel
**Sent:** Wednesday, July 06, 2022 6:19 PM
**To:** Victor Groia
**Subject:** RE: National Casualty Company v. Federal v. Federal Insurance Company, et al. 2:22-cv-01690-SVW (MARx)

Victor,

I acknowledge receipt of Plaintiff's Rule 26(a) Initial Disclosures received on Tuesday, July 5th.

I understand from our prior telephone conversations that you intend to supplement your disclosures, but it is unclear to me whether you plan to supplement by providing the documents identified (but not produced) or whether you believe there are additional individuals likely to have discoverable information and/or other categories of documents that will support your claims. Please clarify.

Plaintiff is claiming damages of $5,000,000.00 as indemnity in settlement of the Underlying CrossFit Lawsuit and $17,500,000.00 as defense fees and costs for the Underlying CrossFit Lawsuit but no actual invoices have been provided and it is unclear whether the amount claimed as defense costs is comprised entirely of fees paid to one law firm, includes the suit filed by NSCA against Glassman in State Court or any other lawsuit, or includes payment of sanctions in any underlying case. Plaintiff is required to provide, and Defendant is entitled to receive, a computation of each category of damages claimed, along with the documents or other evidentiary material on which each computation is based, including materials bearing on the nature and extent of damages claimed.

I think you will agree that Defendant has made every effort to avoid motion practice with respect to Plaintiff's required disclosures. However, given the very short time frame imposed by the court it is imperative that you supplement your responses and provide the outstanding documents immediately. We must have your responses and the required documents **by the end of this week** or we will have no alternative but to seek judicial intervention.

In the alternative, I understand that National Casualty Company is considering the possibility of discontinuing this action in Federal Court and re-filing in State Court. I believe that Chubb would agree to this and with proceeding with mediation in September, provided we can also agree upon a mediator who is available on what is now short notice. In any event, if Plaintiff is going to discontinue this action and re-file in State Court such needs to be done promptly and ideally by the end of this week so that we can avoid the need for motion practice as noted above.

Very truly yours,


Robert S. Nobel
Of Counsel
London Fischer LLP
New York | New Jersey | California
Direct: (212) 331-9425
Office: (212) 972-1000
Fax: (212) 972-1030

www.londonfischer.com



**From:** Janet Kumagai <jkumagai@zimkalaw.com>
**Sent:** Tuesday, July 05, 2022 5:01 PM
**To:** Robert Nobel <rnobel@londonfischer.com>
**Cc:** Victor Groia <vgroia@zimkalaw.com>; Barry Lathuillerie <BLathuillerie@LondonFischer.com>
**Subject:** National Casualty Company v. Federal v. Federal Insurance Company, et al. 2:22-cv-01690-SVW (MARx)

<div align="center">

**\*\* External Email \*\***

</div>

**This email originated from outside of our organization. Do not click any links or open any attachments unless you recognize the sender and know the content is safe.**

Good Afternoon,

Attached please find the following document being electronically served upon you as follows:

1. **NATIONAL CASUALTY COMPANY'S INITIAL DISCLOSURE OF WITNESSES AND DOCUMENTS PURSUANT TO FRCP 26(a)(1)**

Please access the documents via the following DropBox link:
https://www.dropbox.com/sh/ap3ipr902hqffai/AACSHTFluqihqLqbXn0JigVua?dl=0

Should you have any questions, please contact our office.

Best Regards,
Janet Kumagai
Law Offices of
Zimmerman & Kahanowitch
A Professional Corporation
30300 Agoura Road, Suite B-210
Agoura Hills, CA 91301
Ph: (818) 710-7777
Fax: (818) 710-7778
http://zimkalaw.com/


"Important: This e-mail message is intended for the use of the addressee(s) only and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of the message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is strictly prohibited.  If you receive this communication in error, please notify us immediately by reply e-mail and delete the original message. Thank you."

# EXHIBIT G

| | |
|---|---|
| **From:** | Robert Nobel |
| **Sent:** | Monday, July 11, 2022 1:39 PM |
| **To:** | erica_bustos@cacd.uscourts.gov |
| **Cc:** | Victor Groia |
| **Subject:** | Re: Case 2:22-cv-01690-SVW-MAR   National Casualty Company v. Federal Insurance Company |

Dear Ms. Bustos:

This law firm represents Defendant Federal Insurance Company ("Federal" or "Defendant")  in the above-referenced insurance coverage action commenced by Plaintiff National Casualty Company ("NCC" or "Plaintiff"), in which Plaintiff seeks to recover from Defendant amounts that Plaintiff paid under primary and excess insurance policies it issued to named, National Strength and Conditioning Association ("NSCA") to settle an underlying lawsuit filed by CrossFit, Inc. ("CrossFit") against NSCA.  This email is being submitted pursuant to the procedural rules of Magistrate Judge Margo A. Rocconi which require, among other things, that once the parties have determined that they have reached an impasse, within twenty-four hours of the last conference, the movant must send an email seeking a telephone conference with the Court to discuss the discovery dispute.  In this regard, counsel for the parties have conferred and propose the following mutually agreeable dates/times for a call with the Court:

- Monday, July 11 at 3:00 PM (PDT)
- Wednesday, July 13 at 10:00 AM (PDT) to 11:30 AM (PDT)
- Wednesday July 13 at 2:00 PM (PDT) to 4:00 PM (PDT)

## **Neutral Statement of Dispute**

By Order dated June 9, 2022, the initial status conference previously scheduled for June 13, 2022 was vacated and taken off-calenda and tis Court set a trial date of October 18, 2022, with a pretrial conference on October 3, 2022.  On June 17, 2022 Defendant served its Rule 26(a) Initial disclosures upon Plaintiff.  On that same date counsel spoke by telephone, at which time Plaintiff's counsel agreed to serve his Rule 26(a) Initial Disclosures by June 27, 2022.  On June 27, 2022 Plaintiff's counsel advised that he hoped to serve Plaintiff's the Initial Disclosures by Wednesday (June 29th).  After additional emails were exchanged, counsel for Plaintiff and Defendant engaged in a telephone conference on June 30, 2022, at which time it was agreed that Plaintiff would provide its Rule 26(a) Initial Disclosures on Tuesday July 5th. On Tuesday, July 5th Plaintiff served a Rule 26(a) Initial Disclosure which Defendant deems deficient in several critical respects including, but not limited to:

- The lack of a proper "computation of damages", particularly with respect to the purported defense costs which are generally claimed to amount to $17,500,000.

- The failure to provide any documents regarding defense costs or the settlement of the underlying CrossFit Action.

- The lack of other unspecified additional documents that Plaintiff may rely upon to support its claims but has not yet provided

- Although Plaintiff provided copies the primary and excess policies it issued to NSCA, the documents provided state that that they are not certified copies, suggesting that these are not the documents Plaintiff will rely upon to prove its claims.

Given the very short time frame imposed by the court to complete discovery, Defense counsel demanded that Plaintiff provide full and complete responses and the required documents by the end of the day on Friday, July 8, 2022.  Plaintiff's counsel advised that he intended to supplement the disclosures but the relevant documents were not currently in his file. Plaintiff's counsel further advised that he did not anticipate having this information/documents by July 8th and suggested that Defendant wait until the end of the following week before filing a motion.  On July 7, 2022, counsel spoke but did not reach an agreement.  By email dated July8th, Plaintiff's counsel advised that his client was in the process of gathering all the invoices for the legal fees and costs and he hoped to have the invoices in his file by "next Tuesday and should be able to produce them . . . by Wednesday."   On July 11, 2022 counsel conferred by telephone again, at which time Plaintiff's counsel advised that he was in the process of gathering documents and again Defendant to wait. Defendant cannot agree to any further extensions of time and, therefore, the parties are an impasse.

**<u>Defendant's Position</u>**

Defendant seeks this Court's intervention because Plaintiff's continued delay in providing sufficient Rule 26(a) Initial Disclosures is prejudicial to Defendant, particularly in light of the October 18, 2022 trial date.

**<u>Plaintiff's Position</u>**

Plaintiff advises that he is in the process of gathering the documents and will provide them as soon as he can.

Respectfully submitted,

Robert S. Nobel
Of Counsel
London Fischer LLP
New York | New Jersey | California
Direct:  (212) 331-9425
Office:  (212) 972-1000
Fax:  (212) 972-1030
www.londonfischer.com

# EXHIBIT H

VICTOR A. GROIA, ESQ. (Bar No. 232135)
vgroia@zimkalaw.com
HUNTER J. NAKANO, ESQ. (Bar No. 317906)
hnakano@zimkalaw.com
Law Offices of
ZIMMERMAN & KAHANOWITCH
A Professional Corporation
30300 Agoura Road, Suite B-210
Agoura Hills, California 91301
Telephone: (818) 710-7777
Facsimile: (818) 710-7778

Attorneys for Plaintiff, NATIONAL CASUALTY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| NATIONAL CASUALTY COMPANY | ) | **CASE NO.: 2:22-cv-01690** |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **NATIONAL CASUALTY COMPANY'S FIRST SUPPLEMENTAL DISCLOSURE OF WITNESSES AND DOCUMENTS PURSUANT TO FRCP 26(a)(1)** |
| FEDERAL INSURANCE COMPANY | ) | |
| Defendant. | ) | |
| | ) | Complaint Filed:   March 14, 2022 |

COMES NOW, Plaintiff NATIONAL CASUALTY COMPANY (hereinafter "National") by and through their counsel of record, ZIMMERMAN &

KAHANOWITCH, P.C., and pursuant to FRCP 26(a)(1), hereby supplements their Initial Disclosure List of Witnesses and Exhibits and produces the identity of non-expert witnesses who may be called to testify at the trial of this matter as follows **(supplemented information and/or documentation is noted in bold):**

## I.

## <u>WITNESSES</u>

1. Megan M. Lorentz-Owen, Esq. of Chubb

   Current Address Unknown

2. Kirsten Finlayson of Chubb

   Current Address Unknown

3. Thomas M. James, Esq.

   Current Address Unknown

4. Amy Lodovico of Chubb

   Current Address Unknown

5. Paul F. Matousek, Esq. of Walker, Wilcox, Matousek, LLP

   Current Address Unknown

6. Davin Montgomery of National Casualty Company

   Can be contacted through counsel.

7. **Keith Cinea of National Strength and Conditioning Association**

   **1885 Bob Johnson Drive, Colorado Springs, CO 80906**

**8. Joan Kraemer**

**Current Address Unknown**

**9.  Nickolas Clayton**

**Current Address Unknown**

**10.  Wayde Rivinius**

**Current Address Unknown**

**11.William Kraemer, Ph.D.**

**Current Address Unknown**

Plaintiff NATIONAL CASUALTY COMPANY reserves the right to supplement this list with additional witnesses including all witnesses from the underlying CrossFit Lawsuit, if and when it is determine that they have relevant testimony to the instant matter and, additionally reserve the right to call any witness who may be listed by any other party to this action.   Plaintiff NATIONAL CASUALTY COMPANY further reserves the right to call any witness necessary for impeachment or rebuttal at the time of trial.

## II.
## DOCUMENTS

| Bates No. | Document Title/Description |
|---|---|
| NCC000001-NCC000109 | National Casualty Company's (hereinafter "National") Commercial General Liability Policy No. KRO0000003279700 (2/1/13 to 2/1/14) issued to |

| | National Strength & Conditioning Association (Hereinafter "NSCA) |
|---|---|
| NCC000110-NCC000132 | National's Commercial Excess Liability Policy No. XKO0000003279800 (hereafter the "National Casualty Excess Policy") (2/1/13 to 2/1/14) issued to NSCA |
| NCC000133-NCC000272 | Federal Insurance Company's (hereinafter "Chubb") Directors & Officers and Entity Liability Policy No. 8211-6554, effective from February 1, 2014 to February 1, 2015 issued to NSCA |
| NCC000273-NCC000295 | Federal Complaint filed in the underlying case entitled CrossFit, Inc. v. National Strength & Conditioning Association, USDC Case No. 3:14-CV-01191-JLS-KSC (hereinafter "CrossFit Lawsuit") |
| NCC000296-NCC000300 | Letter from Amy Lodovico of Chubb to Thomas M. James, Esq dated May 19, 2014 |
| NCC000301-NCC000306 | Letter from Kristen Finlayson, Esq. of Chubb to Thomas M. James, Esq dated July 17, 2015 |
| NCC000307-NCC000312 | Letter from Megan M. Lorentz-Owen, Esq. of Chubb to Keith Cinea of NSCA dated March 10, 2016 |
| NCC000313-NCC000315 | Letter from Paul F. Matousek, Esq. to Thomas M. James, Esq. dated January 13, 2017 |
| NCC000316-NCC000329 | Article entitled "CrossFit-based high intensity power training improves maximal aerobic fitness and body composition" (the Dover Study") by Steven T. Devor, Michael M. Smith, Allan J. Sommer, and Brooke E. Starkoff published in the Journal of Strength and Conditioning Research ("JSCR") in November 2013 |
| **NCC000330-NCC000357** | **First Amended Federal Complaint filed in the underlying case entitled CrossFit, Inc. v. National Strength & Conditioning Association, USDC Case No. 3:14-CV-01191-JLS-KSC (hereinafter "CrossFit Lawsuit")** |
| **NCC000358-NCC000395** | **Second Amended Federal Complaint filed in the underlying case entitled CrossFit, Inc. v. National Strength & Conditioning Association, USDC Case No. 3:14-CV-01191-JLS-KSC (hereinafter "CrossFit Lawsuit")** |
| **NCC000396-NCC000409** | **Order Granting In Part And Denying In Part Motion For Sanctions filed in the underlying case** |

| | |
|---|---|
| | entitled **CrossFit, Inc. v. National Strength & Conditioning Association, USDC Case No. 3:14-CV-01191-JLS-KSC (hereinafter "CrossFit Lawsuit")** |
| TBD | Confidential Settlement Agreement concerning the underlying CrossFit Lawsuit |
| TBD | Letter from Plaintiffs' counsel in the underlying CrossFit Lawsuit to NSCA dated March 31, 2014 |
| TBD | NSCA tender letter to Chubb of May 2014 |
| TBD | All tender letters and responses related to the underlying CrossFit Lawsuit |
| TBD | All Documents filed in the CrossFit Lawsuit, **which National believes are in the possession of Chubb and/or are publicly available.** |
| TBD | All written discovery from the CrossFit Lawsuit**, which National believes are in the possession of Chubb.** |
| TBD | All document served in discovery from the CrossFit Lawsuit**, which National believes are in the possession of Chubb.** |
| TBD | All deposition transcripts from the CrossFit Lawsuit |
| TBD | All invoices related to defense fees paid by National in defending NSCA in the CrossFit Lawsuit |
| TBD | All invoices related to National's costs in defending NSCA in the CrossFit Lawsuit |

All documents listed, and/or produced by any other party to this litigation.

Plaintiff NATIONAL CASUALTY COMPANY reserves the right to use all documents produced by any other party, assuming proper foundation, as exhibits at the time of trial.   Additionally, Plaintiff NATIONAL CASUALTY COMPANY reserves the right to amend/supplement this list with any additional documents not now known and/or the names of any persons having knowledge of relevant matters pertaining to this litigation.

## III.

## COMPUTATION OF DAMAGES

To date, National's known damages are as follows:

A. Underlying CrossFit Lawsuit indemnity settlement payment of $5,000,000.00

B. Underlying CrossFit Lawsuit defense fees and costs of $17,500,000.00,

## IV.

## INSURANCE AGREEMENT

1. National's Commercial General Liability Policy No. KRO0000003279700 (2/1/13 to 2/1/14) issued to NSCA.

2. National's Commercial Excess Liability Policy No. XKO0000003279800 (hereafter the "National Casualty Excess Policy") (2/1/13 to 2/1/14) issued to NSCA.

3. Federal Insurance Company's (hereinafter "Chubb") Directors & Officers and Entity Liability Policy No. 8211-6554, effective from February 1, 2014 to February 1, 2015 issued to NSCA

Dated: July 11, 2022                    Respectfully submitted,

Law Offices of
ZIMMERMAN & KAHANOWITCH
A Professional Corporation

By:_____
Victor A. Groia, Esq.
Hunter J. Nakano, Esq.
Attorneys for Plaintiff, National Casualty Co.

## PROOF OF SERVICE

**National Casualty Company v. Federal v. Federal Insurance Company, et al.**
**Case No.: 2:22-CV-01690-SVW (MARx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 30300 Agoura Road, Suite 210, Agoura Hills, California 91301.

On **July 11, 2022**, I served true copies of the following document(s): **NATIONAL CASUALTY COMPANY'S FIRST SUPPLEMENTAL DISCLOSURE OF WITNESSES AND DOCUMENTS PURSUANT TO FRCP 26(a)(1)** on the interested parties in this action. See attached service list.

I declare that I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___ (By **MAIL)** I deposited such envelope in the mail at Agoura Hills, California. The envelope was mailed with postage thereon fully prepaid.

_X_ (By **ELECTRONIC TRANSMISSION:**). I caused the above-entitled document to be served electronically to the recipients at the e-mail addresses listed in the Service List below from e-mail address jkumagai@zimkalaw.com. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. A copy of the electronic filing receipt will be maintained with the original document in our file.

___ (**State**) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_ (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direct this service was made.

Executed on **July 11, 2022**, at Agoura Hills, California

_____
Janet Kumagai

1
2

**National Casualty Company v. Federal v. Federal Insurance Company, et al.**
**Case No.: 2:22-CV-01690-SVW (MARx)**

| | |
|---|---|
| Richard S. Endres, Esq.<br>Patrick G. Bollig, Esq.<br>LONDON FISCHER LLP<br>2505 McCabe Way, Suite 100<br>Irvine, California 92614 | Attorneys for Defendant Federal Insurance Company<br><br>Tel: 949-252-0550<br>Fax: 949-252-0553<br><br>e-mail(s):<br>rendres@londonfischer.com<br>pbollig@londonfischer.com |
| Robert S. Nobel, Esq. (Pro Hac Vice)<br>LONDON FISCHER LLP<br>59 Maiden Lane<br>New York, New York 10038 | Attorneys for Defendant Federal Insurance Company<br><br>Tel: 212-331-9425<br>Fax: 212-972-1030<br><br>e-mail(s):<br>rnobel@londonfischer.com |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT I

| | |
|---|---|
| **From:** | Erica Bustos <erica_bustos@cacd.uscourts.gov> |
| **Sent:** | Tuesday, July 12, 2022 6:36 PM |
| **To:** | Robert Nobel |
| **Cc:** | Victor Groia |
| **Subject:** | RE: Case 2:22-cv-01690-SVW-MAR   National Casualty Company v. Federal Insurance Company |

<div style="background:yellow">

**\*\* External Email \*\***

**This email originated from outside of our organization. Do not click any links or open any attachments unless you recognize the sender and know the content is safe.**

</div>

Good afternoon counsel,

Unfortunately, Judge Rocconi will be out, you can file the motion as you see fit.

Thank you



**ERICA BUSTOS**
MAGISTRATE JUDGE COURTROOM DEPUTY
TO THE HONORABLE MARGO A. ROCCONI
**UNITED STATES DISTRICT COURT**
CALIFORNIA CENTRAL DISTRICT COURT
255 East Temple Street
Los Angeles, CA 90012-3332
Office: (213) 894-3589    Fax: (213) 894-3035
Email: erica_bustos@cacd.uscourts.gov

---

**From:** Robert Nobel <rnobel@londonfischer.com>
**Sent:** Monday, July 11, 2022 10:39 AM
**To:** Erica Bustos <erica_bustos@cacd.uscourts.gov>
**Cc:** Victor Groia <vgroia@zimkalaw.com>
**Subject:** Re: Case 2:22-cv-01690-SVW-MAR National Casualty Company v. Federal Insurance Company

<div style="background:yellow">

**CAUTION - EXTERNAL:**

</div>

Dear Ms. Bustos:

  This law firm represents Defendant Federal Insurance Company ("Federal" or "Defendant")  in the above-referenced insurance coverage action commenced by Plaintiff National Casualty Company ("NCC" or "Plaintiff"), in which Plaintiff seeks to recover from Defendant amounts that Plaintiff paid under primary and excess insurance policies it issued to named, National Strength and Conditioning Association ("NSCA") to settle an underlying lawsuit filed by CrossFit, Inc. ("CrossFit") against NSCA.  This email is being submitted pursuant to the procedural rules of Magistrate Judge Margo A. Rocconi which require, among other things, that once the parties have determined that they have reached an impasse, within twenty-four hours of the last conference, the movant must send an email seeking a telephone conference with the Court to discuss the discovery dispute.  In this regard, counsel for the parties have conferred and propose the following mutually agreeable dates/times for a call with the Court:

- Monday, July 11 at 3:00 PM (PDT)
- Wednesday, July 13 at 10:00 AM (PDT) to 11:30 AM (PDT)
- Wednesday July 13 at 2:00 PM (PDT) to 4:00 PM (PDT)

**Neutral Statement of Dispute**

By Order dated June 9, 2022, the initial status conference previously scheduled for June 13, 2022 was vacated and taken off-calenda and tis Court set a trial date of October 18, 2022, with a pretrial conference on October 3, 2022.  On June 17, 2022 Defendant served its Rule 26(a) Initial disclosures upon Plaintiff.  On that same date counsel spoke by telephone, at which time Plaintiff's counsel agreed to serve his Rule 26(a) Initial Disclosures by June 27, 2022.  On June 27, 2022 Plaintiff's counsel advised that he hoped to serve Plaintiff's the Initial Disclosures by Wednesday (June 29th).  After additional emails were exchanged, counsel for Plaintiff and Defendant engaged in a telephone conference on June 30, 2022, at which time it was agreed that Plaintiff would provide its Rule 26(a) Initial Disclosures on Tuesday July 5th. On Tuesday, July 5th Plaintiff served a Rule 26(a) Initial Disclosure which Defendant deems deficient in several critical respects including, but not limited to:

- The lack of a proper "computation of damages", particularly with respect to the purported defense costs which are generally claimed to amount to $17,500,000.

- The failure to provide any documents regarding defense costs or the settlement of the underlying CrossFit Action.

- The lack of other unspecified additional documents that Plaintiff may rely upon to support its claims but has not yet provided

- Although Plaintiff provided copies the primary and excess policies it issued to NSCA, the documents provided state that that they are not certified copies, suggesting that these are not the documents Plaintiff will rely upon to prove its claims.

Given the very short time frame imposed by the court to complete discovery, Defense counsel demanded that Plaintiff provide full and complete responses and the required documents by the end of the day on Friday, July 8, 2022.  Plaintiff's counsel advised that he intended to supplement the disclosures but the relevant documents were not currently in his file. Plaintiff's counsel further advised that he did not anticipate having this information/documents by July 8th and suggested that Defendant wait until the end of the following week before filing a motion.  On July 7, 2022, counsel spoke but did not reach an agreement.  By email dated July8th, Plaintiff's counsel advised that his client was in the process of gathering all the invoices for the legal fees and costs and he hoped to have the invoices in his file by "next Tuesday and should be able to produce them . . . by Wednesday."   On July 11, 2022 counsel conferred by telephone again, at which time Plaintiff's counsel advised that he was in the process of gathering documents and again Defendant to wait. Defendant cannot agree to any further extensions of time and, therefore, the parties are an impasse.

**Defendant's Position**

Defendant seeks this Court's intervention because Plaintiff's continued delay in providing sufficient Rule 26(a) Initial Disclosures is prejudicial to Defendant, particularly in light of the October 18, 2022 trial date.

**Plaintiff's Position**

Plaintiff advises that he is in the process of gathering the documents and will provide them as soon as he can.

Respectfully submitted,

Robert S. Nobel
Of Counsel
London Fischer LLP
New York | New Jersey | California
Direct: (212) 331-9425
Office: (212) 972-1000
Fax: (212) 972-1030
www.londonfischer.com

LONDON
FISCHER

Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful. This email has been scanned for viruses and malware.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT J

VICTOR A. GROIA, ESQ. (Bar No. 232135)
vgroia@zimkalaw.com
HUNTER J. NAKANO, ESQ. (Bar No. 317906)
hnakano@zimkalaw.com
Law Offices of
ZIMMERMAN & KAHANOWITCH
A Professional Corporation
30300 Agoura Road, Suite B-210
Agoura Hills, California 91301
Telephone: (818) 710-7777
Facsimile: (818) 710-7778

Attorneys for Plaintiff, NATIONAL CASUALTY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CASUALTY COMPANY ) | **CASE NO.: 2:22-cv-01690** |
| ) | |
| Plaintiff, ) | |
| ) | **NATIONAL CASUALTY** |
| v. ) | **COMPANY'S SECOND** |
| ) | **SUPPLEMENTAL DISCLOSURE** |
| FEDERAL INSURANCE COMPANY ) | **OF WITNESSES AND** |
| ) | **DOCUMENTS PURSUANT TO** |
| Defendant. ) | **FRCP 26(a)(1)** |
| ) | |
| ) | |
| ) | Complaint Filed:   March 14, 2022 |
| ) | |
| _____ ) | |

COMES NOW, Plaintiff NATIONAL CASUALTY COMPANY (hereinafter "National") by and through their counsel of record, ZIMMERMAN & KAHANOWITCH, P.C., and pursuant to FRCP 26(a)(1), hereby supplements their

Initial Disclosure List of Witnesses and Exhibits and produces the identity of non-expert witnesses who may be called to testify at the trial of this matter as follows **(supplemented information and/or documentation is noted in bold):**

## I.

## <u>WITNESSES</u>

1. Megan M. Lorentz-Owen, Esq. of Chubb

   Current Address Unknown

2. Kirsten Finlayson of Chubb

   Current Address Unknown

3. Thomas M. James, Esq.

   Current Address Unknown

4. Amy Lodovico of Chubb

   Current Address Unknown

5. Paul F. Matousek, Esq. of Walker, Wilcox, Matousek, LLP

   Current Address Unknown

6. Davin Montgomery of National Casualty Company

   Can be contacted through counsel.

7. Keith Cinea of National Strength and Conditioning Association

   1885 Bob Johnson Drive, Colorado Springs, CO 80906

This witness is expected to provide testimony concerning the facts and circumstances surrounding the underlying incident in question and to the authenticity of records.

8. Joan Kraemer

**Independent Contractor, Editorial Manager for National Strength & Conditioning Association**

**3870 Chinawood Court**

**Colorado Springs, CO 80918**

This witness is expected to provide testimony concerning the facts and circumstances surrounding the underlying incident in question and to the authenticity of records.

9. Nickolas Clayton

**Former Program Manager: Personal Training and Business Development, National Strength & Conditioning Association**

**9233 Prestmoor Place**

**Brentwood, TN 37027**

This witness is expected to provide testimony concerning the facts and circumstances surrounding the underlying incident in question and to the authenticity of records.

10. Wayde Rivinius

**Former Senior Director of Technology, National Strength & Conditioning Association (Hereinafter "NSCA)**

**13001 S 29th Pl**

**Bellevue, NE 68123**

**This witness is expected to provide testimony concerning the facts and circumstances surrounding the underlying incident in question and to the authenticity of records.**

11. William Kraemer, Ph.D.

**Independent Contractor, Editorial in Chief for National Strength & Conditioning Association**

Current Address Unknown

**This witness is expected to provide testimony concerning the facts and circumstances surrounding the underlying incident in question and to the authenticity of records.**

Plaintiff NATIONAL CASUALTY COMPANY reserves the right to supplement this list with additional witnesses including all witnesses from the underlying CrossFit Lawsuit, if and when it is determine that they have relevant testimony to the instant matter and, additionally reserve the right to call any witness who may be listed by any other party to this action.   Plaintiff NATIONAL CASUALTY COMPANY further reserves the right to call any witness necessary for impeachment or rebuttal at the time of trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.

## DOCUMENTS

| Bates No. | Document Title/Description |
|---|---|
| NCC000001-NCC000109 | National Casualty Company's (hereinafter "National") Commercial General Liability Policy No. KRO0000003279700 (2/1/13 to 2/1/14) issued to National Strength & Conditioning Association (Hereinafter "NSCA) |
| NCC000110-NCC000132 | National's Commercial Excess Liability Policy No. XKO0000003279800 (hereafter the "National Casualty Excess Policy") (2/1/13 to 2/1/14) issued to NSCA |
| NCC000133-NCC000272 | Federal Insurance Company's (hereinafter "Chubb") Directors & Officers and Entity Liability Policy No. 8211-6554, effective from February 1, 2014 to February 1, 2015 issued to NSCA |
| NCC000273-NCC000295 | Federal Complaint filed in the underlying case entitled CrossFit, Inc. v. National Strength & Conditioning Association, USDC Case No. 3:14-CV-01191-JLS-KSC (hereinafter "CrossFit Lawsuit") |
| NCC000296-NCC000300 | Letter from Amy Lodovico of Chubb to Thomas M. James, Esq dated May 19, 2014 |
| NCC000301-NCC000306 | Letter from Kristen Finlayson, Esq. of Chubb to Thomas M. James, Esq dated July 17, 2015 |
| NCC000307-NCC000312 | Letter from Megan M. Lorentz-Owen, Esq. of Chubb to Keith Cinea of NSCA dated March 10, 2016 |
| NCC000313-NCC000315 | Letter from Paul F. Matousek, Esq. to Thomas M. James, Esq. dated January 13, 2017 |
| NCC000316-NCC000329 | Article entitled "CrossFit-based high intensity power training  improves maximal aerobic fitness and body composition" (the Dover Study") by Steven T. Devor, Michael M. Smith, Allan J. Sommer, and Brooke E. Starkoff published in the Journal of Strength and Conditioning Research ("JSCR") in November 2013 |
| NCC000330-NCC000357 | First Amended Federal Complaint filed in the underlying case entitled CrossFit, Inc. v. National Strength & Conditioning Association, USDC Case No. |

| | |
|---|---|
| | 3:14-CV-01191-JLS-KSC (hereinafter "CrossFit Lawsuit") |
| NCC000358-NCC000395 | Second Amended Federal Complaint filed in the underlying case entitled CrossFit, Inc. v. National Strength & Conditioning Association, USDC Case No. 3:14-CV-01191-JLS-KSC (hereinafter "CrossFit Lawsuit") |
| NCC000396-NCC000409 | Order Granting In Part And Denying In Part Motion For Sanctions filed in the underlying case entitled CrossFit, Inc. v. National Strength & Conditioning Association, USDC Case No. 3:14-CV-01191-JLS-KSC (hereinafter "CrossFit Lawsuit") |
| **NCC000410-NCC000415** | **Claimant Payment Summary** |
| TBD | **NSCA-CrossFit** Confidential Settlement Agreement concerning the underlying CrossFit Lawsuit, **production pending Confidentiality Protective Order.** |
| TBD | **NSCA-Nationwide Confidential Settlement Agreement concerning the underlying CrossFit Lawsuit, production pending Confidentiality Protective Order.** |
| TBD | Letter from Plaintiffs' counsel in the underlying CrossFit Lawsuit to NSCA dated March 31, 2014 |
| TBD | NSCA tender letter to Chubb of May 2014 |
| TBD | All tender letters and responses related to the underlying CrossFit Lawsuit |
| TBD | All Documents filed in the CrossFit Lawsuit, which National believes are in the possession of Chubb and/or are publicly available. |
| TBD | All written discovery from the CrossFit Lawsuit, which National believes are in the possession of Chubb. |
| TBD | All document served in discovery from the CrossFit Lawsuit, which National believes are in the possession of Chubb. |
| TBD | All deposition transcripts from the CrossFit Lawsuit |
| TBD | All invoices related to defense fees paid by National in defending NSCA in the CrossFit Lawsuit |
| TBD | All invoices related to National's costs in defending NSCA in the CrossFit Lawsuit |

**NATIONAL CASUALTY COMPANY'S SECOND SUPPLEMENTAL DISCLOSURE OF WITNESSES AND DOCUMENTS PURSUANT TO FRCP 26(a)(1)**

All documents listed, and/or produced by any other party to this litigation.

Plaintiff NATIONAL CASUALTY COMPANY reserves the right to use all documents produced by any other party, assuming proper foundation, as exhibits at the time of trial.  Additionally, Plaintiff NATIONAL CASUALTY COMPANY reserves the right to amend/supplement this list with any additional documents not now known and/or the names of any persons having knowledge of relevant matters pertaining to this litigation.

## III.

## COMPUTATION OF DAMAGES

To date, National's known damages are as follows:

A. Underlying CrossFit Lawsuit indemnity settlement payment of $5,000,000.00

**B.** Underlying CrossFit Lawsuit defense fees and costs **of $17,380,099.36, see payment summary Bates stamped NCC000410-NCC000415**

## IV.

## INSURANCE AGREEMENT

1. National's Commercial General Liability Policy No. KRO0000003279700 (2/1/13 to 2/1/14) issued to NSCA.

2. National's Commercial Excess Liability Policy No. XKO0000003279800 (hereafter the "National Casualty Excess Policy") (2/1/13 to 2/1/14) issued to NSCA.

3.  Federal Insurance Company's (hereinafter "Chubb") Directors & Officers and

Entity Liability Policy No. 8211-6554, effective from February 1, 2014 to

February 1, 2015 issued to NSCA

Dated: July 13, 2022

Respectfully submitted,
Law Offices of
ZIMMERMAN & KAHANOWITCH
A Professional Corporation

By:_____
Victor A. Groia, Esq.
Hunter J. Nakano, Esq.
Attorneys for Plaintiff, National Casualty Co.

```
CLAIM NUMBER   SD 02514 12                    POLICY KEY 6L KRO 0000003279700
CLAIMANT NBR.   2        CLAIMANT NAME CROSSFIT, INC.

                    Claimant Payment Summary
        Check    Check    Check Amount    Trans           Payee
Opt   Issue Dt  Number                    Type
      042922
  _   040722
  _   031022
  _   031721   05115674      8957.18      EXP    GORDON & REES   LLP
      012821   05113545      2970.00      EXP    NIDDRIE ADDAMS FULLER SINGH LL
      012021   05113086     21120.00      EXP    ADJUDICATE INC
      011121   05112770    111291.50      EXP    NOONAN LANCE BOYER & BANACH   L
      010821   05112686      5181.25      EXP    PLUSNXT LLC
      010521   05112453      7855.18      EXP    GORDON & REES   LLP
      123020   05112281      2842.00      EXP    GORDON & REES   LLP
      122820   05112198     53200.00      EXP    ITAMAR SIMONSON
      122820   05112220     62620.00      EXP    PLUSNXT LLC
      122820   05112197     17384.31      EXP    INVENTUS LLC

  _   122820   05112196     20274.10      EXP    INVENTUS LLC
  _   122820   05112219     54332.18      EXP    NOONAN LANCE BOYER & BANACH   L
  _   121720   05111982    200000.00-    RMBEXP  NATIONAL STRENGTH & CONDITIONI
  _   121720   05111982    200000.00     RMBEXP  NATIONAL STRENGTH & CONDITIONI
  _   120820   05111555   3018000.00     RMBEXP  NATIONAL STRENGTH & CONDITIONI
  _   120720   05111484     13122.00      EXP    GORDON & REES   LLP
  _   120720
  _   000000   00000000     62620.00-     EXP    EDDCLOUD LLC
  _   000000   00000000     62620.00      EXP    EDDCLOUD LLC
  _   111720   05110857     20361.60      EXP    INVENTUS LLC
  _   111720   05110859     52149.00      EXP    JS HELD LLC
  _   111620   05110815     30430.55      EXP    INVENTUS LLC
  _   111320   05110786    102022.14      EXP    NOONAN LANCE BOYER & BANACH   L

  _   111320   05110756     45105.20      EXP    ADJUDICATE INC
  _   110920   05110548      4201.18      EXP    INVENTUS LLC RECEIVABLE
  _   110420   05110336     20518.35      EXP    INVENTUS LLC
  _   102220   05109831     62620.00      EXP    EDDCLOUD LLC
  _   102020   05109741     58421.88      EXP    JS HELD LLC
  _   101620   05109661      8789.00      EXP    FOCUSED SOLUTION RECOURSE DELI
  _   100920   05109366    104358.86      EXP    NOONAN LANCE BOYER & BANACH   L
  _   100220   05109092     37395.00      EXP    NIDDRIE ADDAMS FULLER SINGH LL
  _   092520   05108846      4201.18      EXP    INVENTUS LLC
  _   092420   05108804     30605.55      EXP    INVENTUS LLC
  _   092120   05108640      1000.00      EXP    JS HELD LLC
  _   092120   05108616     30000.00      EXP    ADJUDICATE INC
  _   092120   05108615     22000.00      EXP    ADJUDICATE INC

  _   092120   05108614     27000.00      EXP    ADJUDICATE INC
  _   091620   05108340     62689.00      EXP    EDDCLOUD LLC
  _   091520   05108235      1360.00      EXP    GORDON & REES   LLP
  _   091120   05108145     26100.00      EXP    NIDDRIE ADDAMS FULLER SINGH LL
  _   090920   05108058    127171.40      EXP    NOONAN LANCE BOYER & BANACH   L
  _   083120   05107790     39000.00      EXP    ADJUDICATE INC
  _   082420   05107515      4111.39      EXP    INVENTUS LLC
  _   082020   05107377      4201.18      EXP    INVENTUS LLC
  _   081720   05107174     62689.00      EXP    EDDCLOUD LLC
  _   081020   05106897     54271.84      EXP    NOONAN LANCE BOYER & BANACH   L
  _   080520   05106797      3150.00      EXP    NIDDRIE ADDAMS FULLER SINGH LL
  _   080420   05106745      4201.18      EXP    INVENTUS LLC
  _   080420   05106744      3937.50      EXP    INVENTUS LLC
```

```
080320   05106663
080320   05106671
080320   05106670
080320   05106669
080320   05106668
080320   05106662
080320   05106667
072420   05106388
071720   05106162
071020   05105844
070220   05105591
061720   05105100
060920   05104749
```

```
060920   05104762
060520   05104650
052820   05104296
052720   05104220
052020   05104111
051520   05103956
051520   05103965
050720   05103674
050620   05103578
050520   05103544
041620   05102862
040920   05102591
040920   05102601
```

```
040920   05102600
040720   05102490
040720   05102489
031720   05101548
032620   05101878
032020   05101659
032020   05101671
031820   05101589
031720   05101548
022020   05100617
021720   05100438
021220   05100188
013120   05099793
```

```
012120   05099254
012120   05099247
011720   05099166
011520   05099081
010220   05098351
121819   05097759
121819   05097739
121819   05097743
121819   05097742
121819   05097773
121819   05097748
120919   05097284
120619   05097190
```

NCC000411

```
120619  05097189
120619  05097188
120619  05097187
120219  05096940
111819  05096412
111419  05096262
111319  05096197
110519  05095797
110419  05095753
110119  05095685
102319  05095265
102319  05095260
102319  05095247
```

```
100919  05094638
100719  05094468
100719  05094456
100419  05094393
092619  05093975
091219  05093216
090919  05092995
090519  05092770
082319  05092327
082319  05092308
082319  05092300
082319  05092296
081319  05091866
```

```
080719  05091620
080719  05091610
080719  05091645
071819  05090789
071219  05090557
071219  05090574
070219  05090301
062019  05089895
061919  05089843
061719  05089712
061119  05089566
060519  05089252
060519  05089233
```

```
052219  05088846
052219  05088841
052019  05088756
051319  05088327
050719  05088147
050719  05088146
050719  05088150
041619  05087405
041519  05087360
040819  05086995
040819  05086989
040819  05086988
040819  05086990
```

NCC000412

```
040819  05086993
031919  05086324
031519  05086224
030819  05085867
030719  05085844
030619  05085803
030519  05085689
030419  05085619
030419  05085618
022719  05085512
022719  05085500
021519  05085111
021119  05084816
```

```
012919  05084311
012419  05084161
011819  05084000
010919  05083491
010919  05083502
010719  05083383
121818  05082812
121318  05082664
121218  05082572
121218  05082530
120718  05082332
120418  05082173
112718  05081938
```

```
112718  05081937
112718  05081936
111218  05081387
110618  05081175
110618  05081162
102518  05080771
102518  05080770
102518  05080751
102518  05080756
102518  05080755
102518  05080754
101018  05080106
100318  05079772
```

```
092718  05079540
091818  05079109
091818  05079108
091818  05079107
091218  05078842
091018  05078727
091018  05078740
082118  05078111
081718  05077989
081518  05077862
081418  05077793
081418  05077801
081418  05077800
```

NCC000413

```
080918  05077638
080218  05077345
072618  05077132
072018  05076867
071918  05076799
071918  05076787
070918  05076370
070618  05076317
070518  05076289
062618  05076007
062518  05075903
062018  05075779
062018  05075767
```

```
060818  05075436
060618  05075288
052418  05074897
052418  05074905
052418  05074896
052418  05074904
052418  05074876
052418  05074856
052418  05074857
042518  05073928
050818  05074300
050418  05074190
050218  05074146
```

```
042618  05073974
042518  05073928
041718  05073643
032718  05072826
022618  05071799
022618  05071798
022218  05071694
020918  05071146
020218  05070871
012418  05070514
011818  05070293
011818  05070319
011818  05070263
```

```
011818  05070295
011118  05070084
122917  05069707
122817  05069658
122217  05069518
120817  05068941
112017  05068298
111717  05068214
101917  05067226
100717  05066806
092817  05066506
091117  05065770
080417  05064589
```

```
080217  05064490
071017  05063563
062317  05063206
061617  05062965
061217  05062823
053017  05062387
050817  05061767
050517  05061703
040317  05060641
032717  05060351
031717  05060135
031617  05060113
031017  05059941
```

NCC000414

```
120216  05059165
020717  05058870
122916  05057709
122916  05057708
120616  05057000
120216  05059165
092616  05054861
081916  05053590
081616  05053490
080916  05053162
080416  05052966
080316  05052913
080316  05052912
```

```
072016  05052532
070716  05052027
062716  05051677
061516  05051366
061516  05051365
051716  05050501
050216  05050011
032416  05049092
032416  05049046
032116  05048914
020916  05047716
020316  05047555
012616  05046725
```

```
011316  05047028
121115  05046169
120815  05045983
113015  05045734
113015  05045733
113015  05045732
113015  05045731
111815  05045412
102015  05044444
082815  05042878
082415  05042725
082015  05042669
082015  05042668
```

```
081315  05042425
081215  05042385
081115  05042341
081115  05042330
081115  05042327
052215  05040066
040215  05038625
012015  05036753
092314  05033639
082614  05032804
082514  05032753
000000  00000000
```

NCC000415

## **PROOF OF SERVICE**

**National Casualty Company v. Federal v. Federal Insurance Company, et al.
Case No.: 2:22-CV-01690-SVW (MARx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 30300 Agoura Road, Suite 210, Agoura Hills, California 91301.

On **July 13, 2022**, I served true copies of the following document(s): **NATIONAL CASUALTY COMPANY'S SECOND SUPPLEMENTAL DISCLOSURE OF WITNESSES AND DOCUMENTS PURSUANT TO FRCP 26(a)(1)** on the interested parties in this action. See attached service list.

I declare that I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___   (By **MAIL)** I deposited such envelope in the mail at Agoura Hills, California. The envelope was mailed with postage thereon fully prepaid.

_X_   (By **ELECTRONIC TRANSMISSION:**). I caused the above-entitled document to be served electronically to the recipients at the e-mail addresses listed in the Service List below from e-mail address jkumagai@zimkalaw.com. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. A copy of the electronic filing receipt will be maintained with the original document in our file.

___   (**State**) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_   (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direct this service was made.

Executed on **July 13, 2022**, at Agoura Hills, California

_____
Janet Kumagai

**National Casualty Company v. Federal v. Federal Insurance Company, et al.**
**Case No.: 2:22-CV-01690-SVW (MARx)**

| | |
|---|---|
| Richard S. Endres, Esq.<br>Patrick G. Bollig, Esq.<br>LONDON FISCHER LLP<br>2505 McCabe Way, Suite 100<br>Irvine, California 92614 | Attorneys for Defendant Federal Insurance Company<br><br>Tel: 949-252-0550<br>Fax: 949-252-0553<br><br>e-mail(s):<br>rendres@londonfischer.com<br>pbollig@londonfischer.com |
| Robert S. Nobel, Esq. (Pro Hac Vice)<br>LONDON FISCHER LLP<br>59 Maiden Lane<br>New York, New York 10038 | Attorneys for Defendant Federal Insurance Company<br><br>Tel: 212-331-9425<br>Fax: 212-972-1030<br><br>e-mail(s):<br>rnobel@londonfischer.com |

1

## PROOF OF SERVICE

2

*National Casualty Company v. Federal v. Federal Insurance Company*
USDC, Central District
Case No.: 2:22-CV-01690

3

4

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of 18 and am not a party to the within action.  My business address is 2505 McCabe Way, Suite 100, Irvine, California 92614.

5

6

7

    On **July 14, 2022**, the document(s) entitled:

8

## DECLARATION OF ROBERT S. NOBEL IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PROVIDE COMPLETE RULE 26(a) INITIAL DISCLOSURES AND FOR SANCTIONS

9

10

was/were served on the interested parties in this action by placing: [  ] the original [X] a true copy thereof, to be delivered/addressed as follows:

11

12

13

[**X**]    **(BY ELECTRONIC MAIL)** By causing the above-listed documents to be e-mailed to the person(s) at the e-mail address(es) set forth above.

14

    **Executed on July 14, 2022, at Irvine, California.**

15

16

[**X**]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

17

18

Sue Dobrowolski

19

20

21

22

23

24

25

26

27

28

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

{L0189459.1 }

2

PROOF OF SERVICE

1
2
3

## SERVICE LIST
*National Casualty Company v. Federal v. Federal Insurance Company*
USDC, Central District
Case No.: 2:22-CV-01690

4
5
6
7
8
9
10
11
12

| | |
|---|---|
| Victor A. Groia, Esq. <br> Hunter J. Nakano, Esq. <br> **LAW OFFICES OF ZIMMERMAN & KAHANOWITCH** <br> 30300 Agoura Rd., Ste. B-210 <br> Agoura Hills, CA 91301 <br> T:  (818) 710-7777 <br> F:  (818) 710-7778 <br> vgroia@zimkalaw.com <br> hnakano@zimkalaw.com <br> <br> Attorney for Plaintiff <br> **NATIONAL CASUALTY COMPANY** | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

{L0189459.1 }

3

PROOF OF SERVICE